UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
"THE YOUNGBLOODS," *et al*.                          MEMORANDUM DECISION
                           Plaintiffs,                          AND ORDER
      -against-                                                 07 CV 2394 (GBD)
BMG MUSIC,
                           Defendant.
------------------------------------------------------------------x
GEORGE B. DANIELS, District Judge:

       Plaintiffs are recording artists who brought this purported class action claiming defendant breached the parties' recording agreements. Plaintiffs allege that defendant failed to properly account for, and pay them royalties on, income defendant received from licensing master recordings to music download and ringtone providers.[1] Plaintiffs maintain that, pursuant to the terms of their recording agreements, defendant is contractually obligated to pay plaintiffs royalties in accordance with the formula applicable to the licensing of master recordings.

       Defendant moved, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss plaintiffs' second amended complaint for failure to state a claim. The motion is denied. During prior motion practice, this Court recognized that the applicability of the licensing royalty provision was exclusively limited to the licensing of master recordings on a flat-rate or cent-rate basis. Accordingly, plaintiffs' prior complaint was insufficient to state a claim because plaintiffs failed to allege that defendant had licensed the master recordings to third parties on a cent-rate or flat-rate basis. See, The Youngbloods v. BMG Music, 2008 WL 919617 (S.D.N.Y. Mar. 28, 2008). However, since plaintiffs represented to the Court that they could remedy this pleading deficiency and since leave to amend should be freely given, the Court afforded plaintiffs an

---

[1] The term "master recording" is contractually defined to "mean[] any recording of sound, whether or not coupled with a visual image, by any method and on any substance or material, whether now or hereafter known." (2nd Am. Compl. Ex. B at 2).

opportunity to amend the complaint.

Plaintiffs subsequently filed a second amended complaint in which they specifically allege that defendant's "agreements with Music Download Providers and Ringtone Providers involve the licensing of Master Recordings on a flat-rate, cent-rate or equivalent basis". (2nd Am. Compl. ¶ 48). Plaintiffs allege that the music download and ringtone providers then sub-license the master recordings, via digital download distribution, to consumers for a fee. When the original recording agreements were entered into, such digital technology did not exist.

For purposes of a 12(b)(6) motion, the Court is to liberally construe the complaint, accepting the factual allegations as true, and drawing all reasonable inferences in plaintiffs' favor. Reddington v. Staten Island Univ. Hosp., 511 F.3d 126, 131 (2d Cir. 2007) (*quoting* Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002)). In addition to considering the factual allegations pled in the amended complaint, the Court may also consider documents attached as exhibits and any documents incorporated by referenced therein. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007); McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). To survive a Rule 12(b)(6) motion to dismiss, the factual allegations "must create the possibility of a right to relief that is more than speculative." Spool v. World Child Int'l Adoption Agency, 520 F.3d 178, 183 (2d Cir. 2008).

Defendant asserts two grounds for dismissal of the complaint. First, defendant argues that dismissal of the complaint is required because, as this Court previously recognized, the licensing royalty formula is applicable solely where the master recordings are licensed on a flat-rate or cent-rate basis. Defendant argues that the allegation in the amended complaint that defendant's third-party licensing agreements are on a cent-rate, flat-rate or "**equivalent basis**" is

2

insufficient to demonstrate the applicability of the licensing royalty provision. Plaintiffs are not privy to the terms of defendant's third-party licensing agreements. The specific rate basis information, which is crucial to the survival of plaintiffs' lawsuit, is exclusively within defendant's knowledge and control.[2] The Court finds that plaintiffs' allegation regarding the licensing rate basis is sufficient, at this initial pre-discovery stage, to survive defendant's Rule 12(b)(6) attack.

    Defendant also argues that the "new media" provision, which amends the parties' initial recording agreements, controls and overrides the licensing royalty provision. The new media provision provides that where a new medium is used to reproduce recordings, defendant will pay plaintiffs royalties based upon the retail list price of each unit sold. The gravamen of the second amended complaint is that defendant is licensing master recordings. Plaintiffs do not allege that defendant is reproducing sound recordings in any fashion, be it by traditional means or through the advent of new technology. Moreover, the formula set forth in the new media provision calculates royalties based on the retail price of reproduced recordings that are sold. The complaint does not allege the existence of any retail sales of reproduced sound recordings. Rather, the only commercial transactions at issue is the licensing and sub-licensing of master recordings. Thus, the contracts' new media provision is not the subject of plaintiffs' allegations concerning a licensing royalty controversy.

---

    [2] Notably, in seeking dismissal of the complaint, defendant does not affirmatively represent that the claimed third-party licensing agreements are not on a flat-rate or cent-rate basis.

Accordingly, defendant's motion to dismiss the second amended complaint is denied.[3]

Dated: New York, New York
March 19, 2009

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

[3] In opposing the motion to dismiss, plaintiffs requests that the Court impose sanction upon defendant, pursuant to 28 U.S.C. § 1927, on the grounds that the filing of this motion was vexatious and unreasonable. The arguments advanced by defendant, in support of its motion, were not objectively unreasonable or otherwise baseless so as to warrant the imposition of sanctions. Plaintiffs' application is therefore denied.