UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
"THE YOUNGBLOODS" (Perry Miller p/k/a                  :
Jesse Colin Young; Lowell Levinger; Jerry Corbitt
Mina Bauer, the widow of Joe Bauer; and manager        :
Stuart Kutchins), ON BEHALF OF ITSELF
AND ALL OTHERS SIMILARLY SITUATED,                     :           **MEMORANDUM AND ORDER**

              Plaintiff,                                  :           07 Civ. 2394 (GBD)(KNF)

       -against-                                         :

BMG MUSIC,[1]                                          :

             Defendant.                                  :
------------------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      Before the Court is BMG Music's ("BMG") motion, made pursuant to Local Civil Rule 6.3[2] of this court, for reconsideration of the Court's November 9, 2010 memorandum and order ("Order") denying BMG's motion to stay the proceedings. The plaintiff opposes the motion.

*Legal Standard*

      "The standard for granting . . . a motion [for reconsideration] is strict, and

---

[1] The Clerk of Court is directed to amend the caption in this action to reflect the name of the defendant in the second amended complaint.

[2] Local Civil Rule 6.3 of this court, Motion for Reconsideration or Reargument, provides: [A] <u>Unless otherwise provided by statute or rule (such as Fed. R. Civ. P. 50, 52 and 59), a</u> notice of motion for reconsideration or reargument of a court order determining a motion shall be served within <u>fourteen (14)</u> days after the entry of the court's determination of the original motion, or in the case of a court order resulting in a judgment, within <u>fourteen (14)</u> days after the entry of the judgment. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked. The time periods for the service of answering and reply memoranda, if any, shall be governed by Local Civil Rule 6.1(a) or (b), as in the case of the original motion. No oral argument shall be heard unless the court directs that the matter be reargued orally. No affidavits shall be filed by any party unless directed by the court.

1

reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration "is not designed to allow wasteful repetition of arguments already briefed, considered and decided" and the movant "may not . . . advance new facts, issues or arguments not previously presented to the Court." Schonberger v. Serchuk, 742 F. Supp. 108, 119 (S.D.N.Y. 1990).  "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257.

*Application of Legal Standard*

BMG contends the Court overlooked: (1) two facts that alter, fundamentally, the Court's analysis of judicial economy, namely that (i) "The Defendant in *Youngbloods* is Not the Same as the Defendant in *Allman*;[3]" and (ii) "The Agreements at Issue in *Youngbloods* and *Allman* Are Materially Different;" (2) the facts altering its balance-of-harm analysis, namely that (I) "Neither Plaintiff Nor The Youngblood Company Is a defendant in BMG's Rescission Claim in the California Action," and (ii) "Plaintiff Also is Not a Party to the 1995 Settlement Agreement;" and (3) "the case law, cited in BMG's Memorandum of Law, holding that any prejudice resulting from a delay in a case seeking monetary damages only can be remedied through an award of pre-judgment interest."  The plaintiff contends the Court "did not overlook any controlling law in exercising its discretion to deny the extraordinary relief of a stay," and it "did not overlook any facts presented to it on the Motion for a Stay."

---

[3] Allman, et al., v. Sony BMG Music Entertainment, Docket No. 06 Civ. 3252, hereinafter "Allman."

<u>The Defendant in *Youngbloods* is Not the Same as the Defendant in *Allman*</u>

BMG contends that the Court's analysis of judicial economy was based on an erroneous assumption that the defendant in this action is the same as the defendant in the related <u>Allman</u> action. According to BMG, the Court's erroneous assumption is apparent from its statement: "In light of the fact that the two related actions contain identical claims against the defendant for breach of contract . . . the outcome of the California action is irrelevant to the Court's obligation to manage its cases and use judicial resources efficiently."

The Court was well aware, when it was determining the motion for a stay, that the defendant in this action is not the same as the defendant in the related <u>Allman</u> action. The use of a singular noun "defendant" in the Court's sentence: "In light of the fact that the two related actions contain identical claims against the defendant for breach of contract . . . the outcome of the California action is irrelevant to the Court's obligation to manage its cases and use judicial resources efficiently," was a typographical error. The noun "defendant" should have been in the plural. Since the Court did not overlook the fact that the defendant in this action is not the same as the defendant in the <u>Allman</u> action, but was well aware of this fact since May 4, 2009, when this action was referred to the Court, BMG's argument that the judicial economy analysis would be altered fundamentally, had the Court not overlooked this fact, is without merit.[4]

---

[4] BMG also contends, in a footnote of its Memorandum of Law, that: (1) the Court assumed the defendants in the two related actions are the same when it stated: "Whatever the outcome of the California case, its resolution would not remove from the Court's docket the related *Allman* class action, in which: (i) identical claims are asserted against the defendant as in the instant action;" and (2) "The impression that the defendant in both actions is the same is also reflected in the caption and the first sentence of the Order, both of which state that the defendant in this case is Sony BMG Music Entertainment, the defendant in *Allman*." BMG is correct that the caption in the Court's November 9, 2010 Memorandum and Order reflects the original defendant in this action, "Sony BMG Music Entertainment" and that the first sentence indicates

(continued...)

3

### The Agreements at Issue in *Youngbloods* and *Allman* Are Materially Different

BMG contends that the "claims in the two cases also are not identical" because the two actions are "brought under different contracts and present different disputed terms for the Court to resolve," despite the "common factual predicate," which is that "both cases allege that the defendant record companies have licensed the respective plaintiffs' master recordings to digital retailers." According to BMG: (a) "[t]here are three disputed contractual provisions in Allman,"

---

[4](...continued)
that the plaintiff "commenced this class action, for breach of contract and declaratory judgment against Sony BMG Music Entertainment, Inc. ("BMG")." This action was commenced against "SONY BMG MUSIC ENTERTAINMENT, A Delaware General Partnership." Subsequently, the plaintiff amended its complaint to replace the original defendant with "BMG MUSIC." In this court, the Clerk of Court retains the original caption on a docket sheet, even when the original party is dismissed from the action and replaced by another party, such as here, where the original defendant, "SONY BMG MUSIC ENTERTAINMENT, A Delaware General Partnership," was dismissed on May 13, 2008, because the plaintiff filed an amended complaint, naming "BMG MUSIC" as a defendant. Similarly, the caption in the related Allman action did not change, when all other plaintiffs were dismissed on September 15, 2010, except plaintiff "ELMO SHROPSHIRE, INDIVIDUALLY AND AS A MEMBER OF 'ELMO & PATSY.'" To avoid any possibility of confusion in the future, the Court is directing the Clerk of Court, by this Memorandum and Order, to amend the caption in this action.
   The Court's statement: "Whatever the outcome of the California case, its resolution would not remove from the Court's docket the related Allman class action, in which: (i) identical claims are asserted against the defendant as in the instant action" is misunderstood by BMG." The "defendant" in the part of the sentence "the related Allman class action, in which: (i) identical claims are asserted against the defendant as in the instant action," refers to the defendant in the Allman action, not BMG.
   Additionally, BMG contends, the Court's "assumption that the two cases involve a single defendant" is evidenced by the Court's sentence: "According to the plaintiff, BMG is in the process of drafting a motion for summary judgment, in both this and the Shropshire action . . . ." The defendant is correct that this sentence erroneously states that "BMG" is in the process of drafting both summary judgment motions. The Court meant to say: "BMG's counsel is in the process of drafting a motion for summary judgment, in both this and the Shropshire action . . . ." However, the Court was not under the assumption that the defendants here and in the Allman action are the same. As the November 9, 2010 memorandum and order indicates, in the judicial economy analysis, the Court was considering the fact that the defendants in both actions are represented by the same counsel. To correct this error, the Court is issuing, simultaneously, an amended memorandum and order, superseding the November 9, 2010 memorandum and order, denying BMG's motion for a stay.

4

none of which "appear in the *Youngbloods* agreement;" (b) "one of the critical issues in this case is whether those digital retailers license or sell downloads to the consumer. The <u>Allman</u> complaint, by contrast, does not allege that downloads are licensed rather than sold to consumers;" and (c) an "issue unique to this case is . . . whether BMG is paid for [the alleged digital download] license[s] on a flat fee or cent-rate basis."[5] BMG maintains that, "[g]iven the differences between the contractual terms in the two cases, the issues to be decided here are *not* identical to those in *Allman*, and the *Allman* Court would not have to consider these issues in the absence of the *Youngbloods* action."[6]

---

[5] In a footnote, BMG also contends another issue is unique to this case, in connection with a "2002" letter "BMG sent to the Youngbloods and to all other BMG artists" and the testimony of the "Plaintiff's 30(b)(6) witness." BMG states:

> BMG is happy to introduce these facts, too, by affidavit if directed by the Court. BMG had no occasion to do so in connection with the underlying motion, since it disputed Plaintiff's assertion that the two cases involve "nearly identical issues" given the different terms in the respective plaintiffs' contracts, Reply Br. at 7, and since Plaintiff's assertion was not supported by citation to any evidence. *See* Opp. Br. at 7.

These facts and arguments were not presented in BMG's motion for a stay. The Court may not consider the facts and arguments raised for the first time on a motion for reconsideration. <u>See</u> <u>Caribbean Trading & Fidelity Corp. v. Nigerian Nat'l Petroleum Corp.</u>, 948 F.2d 111, 115 (2d Cir. 1991) (citing <u>Schonberger</u>, 742 F. Supp. at 119). Additionally, BMG had an opportunity to introduce any facts it deemed necessary when it made its motion for a stay and could not have been limited, in making its motion, by the plaintiff's subsequent assertions, in its opposition to the motion. Therefore, the Court will not consider these facts and arguments in determining BMG's motion for reconsideration.

[6] BMG makes additional contentions, based on the prospective summary judgment motions in both actions. Not only are these contentions inappropriate, because they were not raised in BMG's motion for a stay, but they are also in contravention of the Court's September 29, 2010 order, stating "After the Court resolves the stay motion . . . I will give the parties direction regarding summary judgment motion practice." The Court has not yet issued any directions to the parties concerning the summary judgment motion practice in both actions and it is inappropriate for BMG to raise, in its motion for reconsideration, "the plaintiff's summary judgment brief in *Allman*," or counsel's intentions, in connection with the summary judgment motion practice in both actions. Similarly, BMG's argument, that "None of the Extraordinarily

(continued...)

Although BMG contends that "[t]he claims in the two cases also are not identical,"[7] its argument is, actually: "The Contractual Interpretation Issues To Be Determined On Summary Judgment in this Case Are Not Presented in *Allman*." None of the arguments concerning the differences between the terms of the agreements here and in the <u>Allman</u> action, or the facts raised in support of those arguments, have been raised in BMG's motion for a stay to demonstrate, as BMG contends here, "that allowing this case to go forward will result in a substantial waste of resources." The only argument raised in connection with the waste of resources, in BMG's motion for a stay, was that "a stay will avoid wasting the resources of the parties and the Court on potentially moot claims." The Court's analysis of judicial economy was not based on the material differences of the agreements at issue here and in <u>Allman</u>, nor on the interpretation of those agreements. The Court stated, in its November 9, 2010 Order, that "the two related actions contain identical claims . . . for breach of contract concerning royalties for digital downloads leased to music download service providers." The plaintiffs in both actions

---

[6](...continued)
Expensive Class Certification Discovery Sought by Plaintiff Overlaps With the Class Discovery in *Allman*," cannot be considered by the Court on a motion for reconsideration because: a) it was not raised in BMG's motion for a stay; and b) it is based entirely on the plaintiff's discovery request, "served on BMG today," which was attached to this motion inappropriately, and the comparison of the class discovery here with the class discovery in <u>Allman</u>. See <u>Schonberger</u>, 742 F. Supp. at 119 (a party making a motion for reconsideration may not "advance new facts, issues or arguments not previously presented to the Court.").

[7] BMG's argument, that the differences in the issues raised by the terms of the agreements in dispute here and in <u>Allman</u> warrant a substantially different judicial economy analysis is puzzling, because BMG's counsel made contradicting statements: (a) in its motion for a stay reply memorandum, that "the terms of the recording contracts in the two cases are entirely different, and the bulk of defendants' legal arguments in the two cases do not overlap at all," and (b) during the September 20, 2010 conference with the Court, that "I'm a little bit concerned . . . about putting out in the [Allman] case the arguments for the plaintiffs to see, and then when they move for summary judgment in the Youngbloods case, they're going to have them; they're sort of going to see all of our arguments in advance."

make the following claims: (1) "Breach of Contract with respect to Music Download Services," based on "Sony Music's improper calculation of leasing royalties for digital downloads leased to Music Download Services," in <u>Allman</u> (Third Am. Compl.¶ 74), and "BMG Music's improper calculation of licensing royalties for digital downloads licensed to Music Download Services," here (Second Am. Compl.¶ 55); (2) "Breach of Contract with respect to Ringtone Providers," based on "Sony Music's improper calculation of leasing royalties for digital downloads leased to third parties," in <u>Allman</u> ((Third Am. Compl.¶ 79), and "BMG Music's improper calculation of licensing royalties for digital downloads licensed to third parties," here (Second Am. Compl.¶ 64).  That the agreements, at issue here and in <u>Allman</u>, vary in terms, which, in turn, may require differing interpretations of the terms, does not mean that the claims in the two actions are not identical.  Nor is it required, for the Court's analysis of judicial economy, that the issues raised by different agreements in two actions be identical, or, even that the claims be identical.  Accordingly, BMG's argument that the Court overlooked the differences between the terms of the agreements here and in <u>Allman</u> and the related issues, and that "[t]hese facts alter the analysis substantially," is without merit.

<u>The Order's Balance-of-Harm Analysis Also Overlooks Several Factors</u>

BMG contends:

> In concluding that 'the balance of harm tips in favor of the plaintiff,' Order at 14, the Order discounted the possibility that BMG might be harmed by duplicative litigation and potentially inconsistent results.  This conclusion was based largely on two beliefs: first, that the 1995 Settlement Agreement contains references to "The Youngbloods," and second, that BMG's rescission claims in California are brought against, *inter alia*, a Youngbloods-related entity, The Youngblood Company. . . . In light of these premises, the Order states that "it is not clear, at least with respect to The Youngbloods, that a decision by the Court on the question of rescission would not be binding on . . . The Youngbloods (the defendant in the California action) in the California federal district court."

7

According to BMG, "both of these premises reflect factual oversight," because "Neither Plaintiff Nor The Youngblood Company Is a Defendant in BMG's Rescission Claim in the California Action," and "Plaintiff Also Is Not a Party to the 1995 Settlement Agreement."

In determining BMG's motion for a stay, the Court considered all of its arguments, including: (i) "Given the fact that 'The Youngbloods' ('Plaintiff') was not a party to any of the agreements at issue, BMG's Answer duly alleged Plaintiff's lack of standing as an Eighth Affirmative Defense," and (ii) "The unincorporated association 'The Youngbloods,' which the [Second Amended Complaint] alleges is the successor to BSM Production's interest in the 1966 Recording Agreement, is the sole plaintiff in this action." The Court also reviewed BMG's complaint in the California action. Upon review of BMG's arguments in support of the instant motion,[8] concerning the Court's balance of harm to the parties, the Court finds that it did not overlook any facts, in connection with the balance-of-harm analysis.

Oversight in the Order's Analysis of the Other Stay Factors

BMG contends that "the Court overlooked the case law, cited in BMG's Memorandum of Law, holding that any prejudice resulting from a delay in a case seeking money damages only can be remedied through an award of pre-judgment interest," namely, Wing Shing Prods. (BVI) Ltd. v. Simatelex Manufactory Co., 2005 WL 912184, at *2 (S.D.N.Y. Apr. 19, 2005). Moreover, BMG argues, "the Court's analysis of the public interest relied on plaintiff's

---

[8] BMG contends, in a footnote, that "We are not aware of any factual basis for an inference that 'The Youngblood Company' and the unincorporated association 'The Youngbloods' are the same," referring to the Court's statement, in its November 9, 2010 Order: "The record on this motion appears to undermine the defendant's assertion . . . that plaintiff The Youngbloods here is not defendant The Youngbloods in the California federal district court action." Far from making any inference, the Court was pointing out that the uncertainty of the legal relationship of any parties involved in this and the California action does not support the movant's burden, on a motion for a stay, to make out a clear case of hardship.

unsubstantiated and tentative suggestion that 'a stay *could* also affect the general public *to the extent* that a decision in the class action *could* ultimately change the prices or licensing on digital downloads.'" According to BMG:

> given that plaintiff seeks a substantial increase in the royalties paid on digital downloads, the only logical pricing effect this action could have, if any, would be to *increase* consumer prices on digital downloads.  It is unclear how the public interest favors accelerating a price increase for consumers.  To the contrary, the public interest would be adversely affected if prices on downloads were to increase as a result of this lawsuit, only to be followed by rescission in the California Action of the contract that precipitated the price increase.

In determining BMG's motion for a stay, the Court has considered all the cases cited by parties.  The court in Wing Shing Prods (BVI) Ltd. did not hold, as BMG claims, that "any prejudice resulting from a delay in a case seeking money damages only can be remedied through an award of pre-judgment interest."  Rather, the Wing Shing Prods (BVI) Ltd. court concluded, that, in the circumstances of that case, on a motion to stay proceedings pending the outcome of an appeal of a related case, "any loss caused by the stay will be monetary in nature, and therefore will be susceptible to an award of interest."  2005 WL 912184, at *2.  However, this Court is not bound by the holding of another district court.  See Richardson v. Selsky, 5 F.3d 616, 623 (2d Cir. 1993).  BMG's argument concerning public interest was not raised in its motion for a stay. In fact, not only did BMG not mention public interest in its motion for a stay, but it also  failed to address, in its reply, the plaintiff's argument that a "stay could also affect the general public to the extent that a decision in the class action could ultimately change the prices of licensing restrictions on digital downloads."

*Conclusion*

BMG's motion for reconsideration of the Court's November 9, 2010 Order denying its motion for a stay, Docket Entry No. 76, is granted, in part, for the limited purpose of correcting any errors, not affecting the merits of the outcome, and to clarify any misunderstandings with respect to the two related actions. In all other respects, the motion, recorded at Docket Entry 76, is denied, since the Court finds that it did not overlook any facts or law in considering BMG's motion for a stay.

Dated: New York, New York
January 6, 2011

SO ORDERED:

*/s/ Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE