# Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELMO SHROPSHIRE, INDIVIDUALLY AND AS A MEMBER OF "ELMO & PATSY"; ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>-against-<br><br>SONY MUSIC ENTERTAINMENT, A Delaware General Partnership,<br><br>Defendant | 06 Civ. 3252 (GBD) (KNF)<br><br>**ECF CASE** |

**AFFIDAVIT OF BRIAN D. CAPLAN
IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND EXPENSES
FILED ON BEHALF OF CAPLAN & ROSS, LLP**

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK     )

**BRIAN D. CAPLAN**, being first duly sworn, deposes and says:

1. I am a member of the law firm of Caplan & Ross, LLP. I submit this affidavit in support of my firm's application for an award of attorneys' fees in connection with services rendered in this case, as well as the reimbursement of expenses incurred by my firm in connection with this litigation.

2. My firm acted as one of plaintiff's counsel in this class action. The work done in this case by plaintiff's counsel is described in detail in our declaration in support of final approval of the Settlement, the proposed Plan of Allocation, and our application for attorneys' fees and expenses and a service award for Plaintiff, which is being filed concurrently with this

1

affidavit. When this action was commenced I was a member of the firm of Labaton Sucharow, LLP, at which my current partner Jonathan Ross was an associate. On June 1, 2007, we established Caplan & Ross, LLP. This Affidavit includes only our time and expenses incurred from June 1, 2007 forward. Labaton Sucharow is filing a separate Affidavit detailing its time and expenses incurred in this action, which includes our time prior to June 1, 2007.

3. The schedule attached hereto as Exhibit 1 is a detailed summary indicating the amount of time spent by the partners, other attorneys, and professional support staff of my firm who were involved in this litigation, and the lodestar calculation based on my firm's current billing rates.[1] For personnel who are no longer employed by my firm, the lodestar calculation is based upon the billing rates for such personnel in his or her final year of employment by my firm. The schedule was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm, which are available at the request of the Court for review *in camera*.[2] Time expended in preparing this application for fees and reimbursement of expenses has not been included in this request.

4. The hourly rates for the partners, other attorneys, and professional support staff in my firm included in Exhibit 1 are the same as the regular current rates charged for their services in non-contingent matters and/or which have been used in the lodestar cross check accepted by courts in other class litigation.

---

[1] This application does not include time for anyone who spent fewer than 5 hours on this litigation.

[2] These records may include information concerning privileged and/or confidential attorney-client communications or work product.

5. The total number of hours expended on this litigation by my firm is 1,132.1 hours. The total lodestar for my firm is $431,360.00, consisting of $414,572.50 for attorneys' time and $16,787.50 for professional support staff time.

6. My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

7. As detailed in Exhibit 2, my firm has incurred a total of $8,147.71 in un-reimbursed expenses in connection with the prosecution of this litigation.

8. The expenses incurred in this action are reflected on the books and records of my firm, which are available at the request of the Court. These books and records are prepared from expense vouchers, check records and other source materials and represent an accurate recordation of the actual expenses incurred. Third-party expenses are not marked up.

9. With respect to the standing of counsel in this case, attached hereto as Exhibit 3 is a brief biography of my firm and attorneys in my firm who were principally involved in this litigation.

_____
BRIAN D. CAPLAN

Sworn to before me this
14th day of June, 2012

_____
Notary Public

JONATHAN J. ROSS
Notary Public, State of New York
No. 02RO5210295
Qualified in Westchester County
Commission Expires Sept. 8, 2013

3

# EXHIBIT 1

*Shropshire v. Sony Music Entertainment*, 06 Civ. 3252 (GBD) (KNF)

## CAPLAN & ROSS, LLP

### TIME REPORT — Inception through May 31, 2012

| Name | Total Hours | Hourly Rate | Total Lodestar |
|---|---|---|---|
| **PARTNERS:** | | | |
| Brian D. Caplan | 392.0 | $500 | $196,000.00 |
| Jonathan J. Ross | 470.1 | $400 | $188,040.00 |
| | | | |
| **OTHER ATTORNEYS:** | | | |
| Nicole Mondschein | 88.7 | $225 | $19,957.50 |
| Julie Wlodinguer | 47.0 | $225 | $10,575.00 |
| | | | |
| **PROFESSIONAL SUPPORT STAFF:** | | | |
| Paralegals | 134.3 | $125 | $16,787.50 |
| | | | |
| **TOTALS:** | 1,132.1 | | $431,360.00 |

# EXHIBIT 2

*Shropshire v. Sony Music Entertainment*, 06 Civ. 3252 (GBD) (KNF)

## CAPLAN & ROSS, LLP

**EXPENSE REPORT — Inception through May 31, 2012**

| Categories: | Amount |
|---|---:|
| Photocopies/Reproduction/Scanning/Printing | $2,141.34 |
| Postage/Notice Costs | $17.10 |
| Telephone/Facsimile Charges | $498.45 |
| Messengers/Express Mail Services | $645.73 |
| Court Reporters/Transcript/Video | $3,030.00 |
| Experts/Consultants/Public Relations | $1,500.00 |
| Hotels & Transportation | $173.06 |
| Meals | $142.03 |
| **TOTAL EXPENSES:** | $8,147.71 |

# EXHIBIT 3

# Caplan & Ross, LLP
# Firm Bio

The attorneys of Caplan & Ross, LLP have a long standing track record of successfully representing clients in entertainment, intellectual property and commercial litigation. Caplan & Ross' extensive experience in the entertainment sector has equipped it with the proper tools to advocate for its clients in disputes involving copyright and trademark infringement, royalty and licensing agreements, royalty accountings, breach of contract claims and defamation actions. The firm's clients include significant entertainment and sports figures, respected commercial enterprises and family owned businesses. Leading recording artists and producers, independent record companies and music publishers, and others in the entertainment industry, as well as major sports figures, trust Caplan & Ross to fight for their intellectual property and contractual rights, and to represent them in other business litigation:

- C&R is co-counsel in *Allman v. SONY BMG Music Entertainment*, a potential precedent setting case challenging the methodology that record companies use to pay recording artist and record producers for digital downloads and ringtones.

- C&R obtained a multi-million dollar federal court jury verdict on behalf of two of the three founding members of Cleveland Entertainment, Inc., the record label that discovered the recording artist "Meatloaf."

- C&R represents Victor Willis (the lead singer and sole lyricist for the band Village People) in a case of first impression interpreting the termination provisions of 17 U.S.C. § 203 of the Copyright Act.

- C&R secured a federal court jury verdict against a "gangsta" rapper whose entourage brutally beat a journalist.

- The attorneys of C&R were appointed Co-Counsel to Plaintiffs in *Puckett v. SONY Music*, a precedent setting music case in which class certification was obtained for recording artist seeking compensation for underreporting of foreign record royalties, a case which was resolved favorably to the class.

- C&R's attorneys have represented leading recording artists, performing around the country, in legal actions to seize non-licensed bootleg merchandise.

- C&R successfully assisted a song writer/music publisher in her quest to reacquire her multimillion dollar publishing catalogue in a highly contested legal proceeding.

- The firm's lawyers have represented a number of top-selling recording artists in litigations against major recording labels, seeking to recover royalties due under their recording agreements.

- C&R has represented one of France's best-known musical groups in actions against copycat bands usurping their name, and the venues permitting them to perform.

6

- Its attorneys recently helped a garment industry licensor recover over $1,000,000 from one of its licensees.

- C&R has represented several musical groups in connection with claims made against them by departing band members.

- Over the years C&R has successfully represented both bands and managers in various management disputes.

Brian D. Caplan, who founded Caplan & Ross in 2007, has more than 27 years' experience litigating a broad range of entertainment, intellectual property and commercial matters. His clients have included recording artists and producers, publishing companies, record labels, personal managers, business management, accounting firms, professional athletes, and dealers in fine art. In addition to contractual disputes, defamation cases and the prosecution and defense of copyright and trademark infringement actions, Mr. Caplan has represented clients in a broad range of disputes relating to partnerships and closely held corporations, and employment matters. Mr. Caplan is frequently called upon to speak at seminars conducted in the United States and abroad and at select universities with respect to intellectual property matters and the dynamics of the entertainment industry. He is an annual Lecturer before the Southern Regional Entertainment & Sports Law Symposium and has lectured as an authority on United States copyright law before the International Association of Entertainment Lawyers annual Midem conference in France.

Mr. Caplan is a member of the Westchester County and New York State Bar associations, the Copyright Society of the United States, the International Association of Entertainment Lawyers, and the Media and Entertainment Roundtable. Mr. Caplan earned a B.A. from Brandeis University in 1982 and a J.D. from Pace University School of Law in 1984. He is admitted to practice in New York and before the following federal courts: the United States Courts of Appeals for the First, Second and Ninth Circuits; the United States District Courts for the Southern and Eastern Districts of New York; and the United States District Court for the Northern District of California.

Jonathan J. Ross has over 18 years of experience in entertainment and commercial litigation. Mr. Ross concentrates his practice in the litigation of intellectual property and contractual disputes in the music industry, as well as commercial litigation. Mr. Ross became a partner in Caplan & Ross after many years of practice with a prominent boutique New York entertainment firm, where he litigated intellectual property matters in the music publishing and recording industries, as well as copyright and trademark disputes. Earlier in his career, Mr. Ross served as an attorney in the Special Federal Litigation Department of the New York City Law Department, where he litigated civil rights actions arising from political demonstrations and other similar activities that take place in the city. Mr. Ross earned his B.A. from The John Hopkins University in 1989, and obtained a J.D. from Brooklyn Law School in 1993. He is admitted to practice in New York as well as before the United States Supreme Court and the United States District Courts for the Southern and Eastern Districts of New York. Mr. Ross is a member of the American Bar Association and The Copyright Society of the USA.