# Exhibit J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELMO SHROPSHIRE, INDIVIDUALLY AND AS A MEMBER OF "ELMO & PATSY"; ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,

                      Plaintiff,

-against-

SONY MUSIC ENTERTAINMENT, A Delaware General Partnership,

                      Defendant

06 Civ. 3252 (GBD) (KNF)

**ECF CASE**

---

### AFFIDAVIT OF GERALD B. WEINER
### IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND EXPENSES
### FILED ON BEHALF OF PROBSTEIN WEINER & BUTLER

STATE OF CALIFORNIA    )
                                  ) ss.:
COUNTY OF LOS ANGELES  )

Gerald B. Weiner, being first duly sworn, deposes and says:

1. I am a member of the law firm of Probstein Weiner & Butler. I submit this affidavit in support of my firm's application for an award of attorneys' fees in connection with services rendered in this case, as well as the reimbursement of expenses incurred by my firm in connection with this litigation.

2. My firm acted as one of Plaintiff's counsel in this class action. The work done in this case by Plaintiff's counsel is described in detail in our declaration in support of final

1

approval of the Settlement, the proposed Plan of Allocation, and our application for attorneys' fees and expenses and a service award for Plaintiff, which is being filed concurrently with this affidavit. In particular, my firm was the primary point of contact for all communications with the class representative, Elmo Shropshire, and I have been his personal attorney on his music business matters since the 1980s. My firm provided counsel on the issues of this case dealing with the general standards and practices of the music industry related to the artist contracts at issue, licensing practices and royalty accounting. This expertise was applied in review of all pleadings, declarations and discovered materials, providing perspective on those standards and practices in consultation with fellow Plaintiff's attorneys, and presenting Plaintiff's case to reach a settlement that would be practical and workable within the framework of music industry accounting practices, while obtaining a substantial recovery for the Plaintiff class as a whole.

3. The schedule attached hereto as Exhibit 1 is a detailed summary indicating the amount of time spent by the partners, other attorneys, and professional support staff of my firm who were involved in this litigation, and the lodestar calculation based on my firm's current billing rates.[1] For personnel who are no longer employed by my firm, the lodestar calculation is based upon the billing rates for such personnel in his or her final year of employment by my firm. The schedule was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm, which are available at the request of the Court for review *in*

---

[1] This application does not include time for anyone who spent fewer than 5 hours on this litigation.

*camera.*[2] Time expended in preparing this application for fees and reimbursement of expenses has not been included in this request.

4.  The hourly rates for the partners, other attorneys, and professional support staff in my firm included in Exhibit 1 are the same as the regular current rates charged for their services in non-contingent matters and/or which have been used in the lodestar cross check accepted by courts in other class litigation.

5.  The total number of hours expended on this litigation by my firm is 713.51 hours. The total lodestar for my firm is $212,518.45 consisting of $206,181.00 for attorneys' time and $6,337.45 for professional support staff time.

6.  My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

7.  As detailed in Exhibit 2, my firm has incurred a total of $11,810.15 in un-reimbursed expenses in connection with the prosecution of this litigation.

8.  The expenses incurred in this action are reflected on the books and records of my firm, which are available at the request of the Court. These books and records are prepared from expense vouchers, check records and other source materials and represent an accurate recordation of the actual expenses incurred. Third-party expenses are not marked up.

---

[2] These records may include information concerning privileged and/or confidential attorney-client communications or work product.

9. With respect to the standing of counsel in this case, attached hereto as Exhibit 3 is a brief biography of my firm and attorneys in my firm who were principally involved in this litigation.

_____
GERALD B. WEINER

Subscribed and sworn to (or affirmed) before me this \_\_11\_\_ day of June, 2012 by Gerald B. Weiner, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____
Notary Public

ORIN H. LOWE JR.
Commission # 1878805
Notary Public - California
Los Angeles County
My Comm. Expires Feb 28, 2014

# EXHIBIT 1

*Shropshire v. Sony Music Entertainment*, 06 Civ. 3252 (GBD) (KNF)

## PROBSTEIN WEINER & BUTLER

## TIME REPORT — Inception through May 31, 2012

| Name | Total Hours | Hourly Rate | Total Lodestar |
|---|---|---|---|
| **PARTNERS:** | | | |
| Gerald B. Weiner | 458.18 | $450.00 | $206,181.00 |
| **PROFESSIONAL SUPPORT STAFF:** | | | |
| Paralegals | 29.5 | $100.00 | $2,950.00 |
| Research Clerks | 225.83 | $15.00 | $3,387.45 |
| **TOTALS:** | 713.51 | | $212,518.45 |

# EXHIBIT 2

*Shropshire v. Sony Music Entertainment,* 06 Civ. 3252 (GBD) (KNF)

## PROBSTEIN WEINER & BUTLER

## EXPENSE REPORT — Inception through May 31, 2012

| Categories: | Amount |
|---|---|
| Photocopies/Reproduction/Scanning/Printing | $470.25 |
| Telephone/Facsimile Charges | $77.03 |
| Messengers/Express Mail Services | $127.00 |
| Hotels & Transportation | $11,135.87 |
| **TOTAL EXPENSES:** | $11,810.15 |

# EXHIBIT 3

## PROBSTEIN WEINER & BUTLER
## FIRM RESUME AND BIOGRAPHIES

Probstein Weiner & Butler has devoted their practice to the music and entertainment industries since 1977. Our clients are songwriters, musicians, vocalists, record producers, music publishers, record labels, music business managers and other professionals associated with the music and entertainment industries. Our services include the negotiation and drafting of a wide variety of agreements related to the music and entertainment industries, general advice with regard to the customs and practices of these industries, music publishing administration, IP licensing, domestic and foreign royalty collection, and litigation in copyright infringement and music/entertainment contract matters. In addition to Elmo Shropshire, our current clients include Gregg Allman, The Allman Brothers Band, Jonathan Cain of Journey, Derek Trucks, Susan Tedeschi, and many others at all levels of the music and entertainment industry.

Gerald B. Weiner obtained his Bachelor of Arts from the University of Washington in 1966 and his Juris Doctor from Hastings School of the Law, San Francisco, in 1969. He was admitted to practice before the California Supreme Court in 1970, before the United States Supreme Court in 1977, and before the New York Supreme Court in 1985. Mr. Weiner was in private practice from 1970 to 1972 before being an associate to Martin Cohen in 1972-73, representing artists such as Frank Zappa, Alice Cooper, Tom Waits, WAR, and others. Mr. Weiner was an associate with Jacoby & Meyers from 1973-76 and with Kelso Spencer Snyder & Sterling from 1976-79. He was an associate and partner with Fischbach Fischbach & Weiner from 1979-86 and private practice counselor to Fischbach & Fischbach from 1986-88. He has been a partner at Probstein Weiner & Butler since 1988.