UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――x

"THE YOUNGBLOODS" (Perry Miller p/k/a Jesse Colin Young; Lowell Levinger; Jerry Corbitt; Mina Bauer, the widow of Joe Bauer; and manager Stuart Kutchins), ON BEHALF OF ITSELF AND ALL OTHERS SIMILARLY SITUATED,

                    Plaintiff,

vs.

BMG MUSIC,

                    Defendant.

―――――――――――――――――――――――x

: 07 Civ. 2394 (GBD) (KNF)

: ECF CASE



## ORDER AND FINAL JUDGMENT

On the 4th day of October, 2012, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Amended Stipulation and Agreement of Settlement dated May 24, 2012 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Class against the Defendant in the Second Amended Complaint now pending in this Court under the above caption, including the release of the Defendant and the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Second Amended Complaint with prejudice and without costs in favor of the Defendant and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (4) whether and in what amount to award Class Counsel attorneys' fees and reimbursement of expenses. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was

mailed to all Arista Music, formerly known as BMG Music ("Arista") royalty recipients, at the respective addresses set forth in Arista's records, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Billboard* magazine pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the Settlement, the Plan of Allocation, and the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation:

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Action, Plaintiff, all Class Members, and Defendant.

2. The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23 (a) and (b)(3) for settlement purposes have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representative are typical of the claims of the Class it seeks to represent; (d) the Class Representative and Class Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this action as a class action for settlement purposes on behalf of all recording artists and producers who (a) are parties to a contract dated between January 1, 1976 and December 31, 2001 (the "Class Period") that (i) was entered into with BMG Music (now known

as Arista Music), including its unincorporated divisions and business units, United States subsidiaries, and any predecessor in interest to any of them; (ii) is currently held by Arista, including its unincorporated divisions and business units and United States subsidiaries; (iii) contains a clause providing that Arista will pay to such Class Member 50% of Arista's net receipts in respect of any Master Recording leased or licensed by Arista to a third party (a "Net Receipts Provision"); (iv) does not contain a clause capping the amount to be paid under the Net Receipts Provision, such as a clause limiting payments under the Net Receipts Provision to the amount that would be paid under another royalty provision contained in the contract; (v) does not contain an express rate for digital exploitations other than a so-called "Audiophile" or "New Technology" provision; and (vi) was not modified to include an express rate for digital exploitations or to make any change to the Net Receipts Provision (a "Class Contract"); and (b) did not provide Arista with a release of claims relating to payment of royalties on downloads or ringtones covering the entire period from January 1, 2004 through December 31, 2010. Excluded from the Class are the Defendant and any person, trust, firm, corporation, or other entity affiliated with or related to the Defendant. Also excluded from the Class (to the extent that they would otherwise be Class Members, as to which the Court has made no determination) are the persons and/or entities who submitted valid Requests for Exclusion as listed on Exhibit 1 annexed hereto. The Requests for Exclusion submitted by the persons and/or entities listed on Exhibit 2 annexed hereto are rejected. The Court has made no determination as to whether these persons and/or entities are Class Members.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies Plaintiff The Youngbloods as Class Representative for settlement purposes.

5. Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto. Defendant's Counsel has filed with the Court proof of mailing of the Notice and Claim Form and proof of publication of the Publication Notice. Defendant's Counsel has also filed with the Court proof of compliance with the Class Action Fairness Act of 2005.

6. The Settlement is approved as fair, reasonable, and adequate, and the Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7. The Second Amended Complaint is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against the Defendant.

8. Plaintiff, the Class, and each Class Member on behalf of themselves, their heirs, executors, administrators, attorneys, successors and assigns, and any persons they represent, hereby fully, finally and forever release, relinquish, and discharge the Released Parties with respect to each and every Released Plaintiff Claim and shall forever be enjoined from prosecuting any of the Released Plaintiff Claims with respect to each and every Released Party and covenant not to sue any of the Released Parties with respect to any of the Released Plaintiff Claims.

(a) "Released Parties" means Arista Music, including its unincorporated divisions and business units, and any of its past, present, or future parent entities, associates, affiliates, or subsidiaries and each and all of their past, present and future officers, directors, stockholders, principals, employees, advisors, agents, attorneys, financial or investment advisers, consultants, lenders, insurers, investment bankers, commercial bankers, representatives, affiliates, associates, parents, subsidiaries, joint ventures, general and limited partners and partnerships, heirs, executors, trustees, personal representatives, estates, administrators, trusts, predecessors, successors and assigns.

(b) "Released Plaintiff Claims" shall collectively mean any and all actions, suits, claims, demands, rights, liabilities and causes of action, of every nature and description whatsoever, whether individual, class, derivative, representative, legal, equitable, or any other type or in any other capacity, or concealed or hidden, that were asserted or that could have been asserted (including without limitation claims for negligence, gross negligence, breach of contract, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or federal common law, statutes, rules, or regulations), including both known claims and Unknown Claims, that the Plaintiff, the Settlement Class, any Class Member or any of them in the past had, now has, or might in the future have against the Released Parties or any of them on the basis of, connected with, or in any way arising out of any allegation that any past, present, or future Sales in the United States of permanent digital downloads or ringtones of sound recordings owned by Arista (including its unincorporated divisions and business units) or its subsidiaries involves a lease or license of such sound recordings for purposes of calculating royalties or other payments to any Class Member, or that Arista otherwise should calculate royalties on Sales in the United States of permanent digital downloads

or ringtones of recordings attributable to Class Contracts under royalty provisions other than those that it currently applies to such Sales; provided, however, that the definition of Released Plaintiff Claims shall not in any way impair or restrict the rights to enforce the terms of the Settlement. Except as expressly provided in paragraph 16(b) of the Stipulation, nothing herein shall be deemed to terminate, modify or cancel any provision of any Class Contract, each of which shall otherwise continue in full force and effect in accordance with its terms. The release of the "Released Plaintiff Claims" pursuant to this Settlement is without prejudice to any other rights or audit rights not involving those claims.

9. Defendant and each of the other Released Parties on behalf of themselves, their heirs, executors, administrators, attorneys, successors and assigns, and any persons they represent, hereby fully, finally and forever release, relinquish, and discharge the Plaintiff, any of the other Class Members, or their attorneys with respect to each and every Released Defendant Claim and shall forever be enjoined from prosecuting the Plaintiff, any of the other Class Members, or their attorneys with respect to each and every Released Defendant Claim.

(a) "Released Defendant Claims" means any and all actions, suits, claims, demands, rights, liabilities and causes of action, of every nature and description whatsoever, whether individual, class, representative, legal, equitable, or any other type or in any other capacity, or concealed or hidden, that were asserted or that could have been asserted (including without limitation claims for negligence, gross negligence, breach of contract, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or federal common law, statutes, rules, or regulations), including both known claims and Unknown Claims, that the Defendant or any of the other Released Parties in the past had, now has, or might in the future have against the Plaintiff, any of the other Class Members, or their attorneys, arising

6

from the institution, prosecution, or settlement of the Action as well as all claims arising out of the allegations in *Arista Music v. Levinger et al.* (N.D.Ca Case # C 10-03744 WHA);[1] provided, however, that the definition of Released Defendant Claims shall not in any way impair or restrict anyone's rights to enforce the terms of the Settlement.

10. Notwithstanding the provisions of ¶¶ 8 and 9 of this Order and Final Judgment, (i) in the event that any of the Released Parties asserts against Plaintiff, any other Class Member or Class Counsel, any claim that is a Released Defendant Claim, then Plaintiff, such Class Member or Class Counsel shall be entitled to use and assert such factual matters included within the Released Plaintiff Claims against such Released Party only in defense of such claim but not for the purposes of affirmatively asserting any claim against any Released Party; and (ii) in the event that Plaintiff, any other Class Member or Class Counsel asserts against any Released Parties any Released Plaintiff Claims, such Released Parties or their respective counsel shall be entitled to use and assert such factual matters included within the Released Defendant Claims against such claimant only in defense of such claim but not for the purposes of affirmatively asserting any claim against any such claimant.

11. Neither this Order and Final Judgment, the Stipulation, including any exhibits, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

---

[1] Arista Music, formerly BMG Music, filed a complaint on August 23, 2010 and an amended complaint on October 21, 2010 against individual members of the Youngbloods and their former manager. *Arista Music v. Levinger et al.* (N.D.Ca Case # C 10-03744 WHA).The amended complaint sought a declaratory judgment of rescission of the 1995 Settlement Agreement between the Youngbloods and RCA (predecessor in interest to BMG), indemnity and related damages. On or about November 22, 2011 pursuant to a stipulation between all parties, Arista dismissed the case without prejudice.

(a) offered or received against Defendant or any Released Party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by Defendant or any Released Party of the truth of any fact alleged by Plaintiff or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Defendant or any Released Party;

(b) offered or received against Defendant or any Released Party as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendant or any Released Party, or against Plaintiff and the Class as evidence of any infirmity in their claims;

(c) offered or received against Defendant or any Released Party as evidence of a presumption, concession, or admission of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Defendant or any Released Party may refer to it to effectuate the liability protection granted hereunder;

(d) construed against Defendant or any Released Party or Plaintiff and the Class as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; or

(e) construed as or received in evidence as an admission, concession or presumption against Plaintiff or any of the Class Members that any of their claims are without merit, or that any defenses asserted by Defendant has any merit, or that damages recoverable under the complaints and amended complaints filed in the Action would not have exceeded the Past Settlement Relief and Prospective Settlement Relief.

12. The Plan of Allocation is approved as fair and reasonable, and Defendant's Counsel and Class Counsel are directed to administer the Stipulation in accordance with its terms and provisions.

13. Class Counsel are hereby awarded attorneys' fees and expenses in the amount of $924,375, which sum the Court finds to be fair and reasonable, to be paid in accordance with the terms of the Stipulation.

14. Plaintiff The Youngbloods are hereby awarded $15,000 for Plaintiff's service as a class representative, which sum the Court finds to be fair and reasonable, to be paid in accordance with the terms of the Stipulation.

15. In making this award of attorneys' fees and reimbursement of expenses, the Court has considered and found that:

(a) The Settlement provides Past Settlement Relief of $2,773,125 in cash and credits and $108,750 in cash and provides Prospective Settlement Relief and numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement created by Class Counsel;

(b)     The notice to Class Members indicated that Class Counsel were moving for attorneys' fees and expenses in the amount $924,375 and no objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Class Counsel contained in the notice;

(c)     Class Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d)     The action involves complex factual and legal issues and was actively prosecuted nearly five years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e)     Had Class Counsel not achieved the Settlement there would remain a significant risk that the Class may have recovered less or nothing from the Defendant;

(f)     As of May 31, 2012, Class Counsel had devoted over 2,800 hours, with a lodestar value of over $1,400,000.00, to achieve the Settlement; and

(g)     The amount of attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases.

16.     Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

17. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

Dated:   New York, New York
         October 4, 2012

_____
Honorable George B. Daniels
UNITED STATES DISTRICT JUDGE

11