UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————————x

"THE YOUNGBLOODS" (Perry Miller p/k/a : 07 Civ. 2394 (GBD) (KNF)
Jesse Colin Young; Lowell Levinger; Jerry :
Corbitt; Mina Bauer, the widow of Joe Bauer; and : ECF CASE
manager Stuart Kutchins), ON BEHALF OF :
ITSELF AND ALL OTHERS SIMILARLY :
SITUATED. :

                         Plaintiff, :

    vs. :

BMG MUSIC, :

                Defendant. :

——————————————————————————x



## <u>ORDER AND FINAL JUDGMENT</u>

    On the 4th day of October, 2012, a hearing having been held before this Court to

determine: (1) whether the terms and conditions of the Amended Stipulation and Agreement of

Settlement dated May 24, 2012 (the "Stipulation") are fair, reasonable, and adequate for the

settlement of all claims asserted by the Class against the Defendant in the Second Amended

Complaint now pending in this Court under the above caption, including the release of the

Defendant and the Released Parties, and should be approved; (2) whether judgment should be

entered dismissing the Second Amended Complaint with prejudice and without costs in favor of

the Defendant and as against all persons or entities who are members of the Class herein who

have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair

and reasonable method to allocate the settlement proceeds among the members of the Class; and

(4) whether and in what amount to award Class Counsel attorneys' fees and reimbursement of

expenses. The Court having considered all matters submitted to it at the hearing and otherwise;

and it appearing that a notice of the hearing substantially in the form approved by the Court was

mailed to all Arista Music, formerly known as BMG Music ("Arista") royalty recipients, at the respective addresses set forth in Arista's records, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Billboard* magazine pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the Settlement, the Plan of Allocation, and the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation:

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Court has jurisdiction over the subject matter of the Action, Plaintiff, all Class Members, and Defendant.

2.      The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23 (a) and (b)(3) for settlement purposes have been satisfied in that:  (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representative are typical of the claims of the Class it seeks to represent; (d) the Class Representative and Class Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this action as a class action for settlement purposes on behalf of all recording artists and producers who (a) are parties to a contract dated between January 1, 1976 and December 31, 2001 (the "Class Period") that (i) was entered into with BMG Music (now known

as Arista Music), including its unincorporated divisions and business units, United States subsidiaries, and any predecessor in interest to any of them; (ii) is currently held by Arista, including its unincorporated divisions and business units and United States subsidiaries; (iii) contains a clause providing that Arista will pay to such Class Member 50% of Arista's net receipts in respect of any Master Recording leased or licensed by Arista to a third party (a "Net Receipts Provision"); (iv) does not contain a clause capping the amount to be paid under the Net Receipts Provision, such as a clause limiting payments under the Net Receipts Provision to the amount that would be paid under another royalty provision contained in the contract; (v) does not contain an express rate for digital exploitations other than a so-called "Audiophile" or "New Technology" provision; and (vi) was not modified to include an express rate for digital exploitations or to make any change to the Net Receipts Provision (a "Class Contract"); and (b) did not provide Arista with a release of claims relating to payment of royalties on downloads or ringtones covering the entire period from January 1, 2004 through December 31, 2010. Excluded from the Class are the Defendant and any person, trust, firm, corporation, or other entity affiliated with or related to the Defendant. Also excluded from the Class (to the extent that they would otherwise be Class Members, as to which the Court has made no determination) are the persons and/or entities who submitted valid Requests for Exclusion as listed on Exhibit 1 annexed hereto. The Requests for Exclusion submitted by the persons and/or entities listed on Exhibit 2 annexed hereto are rejected. The Court has made no determination as to whether these persons and/or entities are Class Members.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies Plaintiff The Youngbloods as Class Representative for settlement purposes.

5.      Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto. Defendant's Counsel has filed with the Court proof of mailing of the Notice and Claim Form and proof of publication of the Publication Notice. Defendant's Counsel has also filed with the Court proof of compliance with the Class Action Fairness Act of 2005.

6.      The Settlement is approved as fair, reasonable, and adequate, and the Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7.      The Second Amended Complaint is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against the Defendant.

8.      Plaintiff, the Class, and each Class Member on behalf of themselves, their heirs, executors, administrators, attorneys, successors and assigns, and any persons they represent, hereby fully, finally and forever release, relinquish, and discharge the Released Parties with respect to each and every Released Plaintiff Claim and shall forever be enjoined from prosecuting any of the Released Plaintiff Claims with respect to each and every Released Party and covenant not to sue any of the Released Parties with respect to any of the Released Plaintiff Claims.

(a)      "Released Parties" means Arista Music, including its unincorporated divisions and business units, and any of its past, present, or future parent entities, associates, affiliates, or subsidiaries and each and all of their past, present and future officers, directors, stockholders, principals, employees, advisors, agents, attorneys, financial or investment advisers, consultants, lenders, insurers, investment bankers, commercial bankers, representatives, affiliates, associates, parents, subsidiaries, joint ventures, general and limited partners and partnerships, heirs, executors, trustees, personal representatives, estates, administrators, trusts, predecessors, successors and assigns.

(b)      "Released Plaintiff Claims" shall collectively mean any and all actions, suits, claims, demands, rights, liabilities and causes of action, of every nature and description whatsoever, whether individual, class, derivative, representative, legal, equitable, or any other type or in any other capacity, or concealed or hidden, that were asserted or that could have been asserted (including without limitation claims for negligence, gross negligence, breach of contract, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or federal common law, statutes, rules, or regulations), including both known claims and Unknown Claims, that the Plaintiff, the Settlement Class, any Class Member or any of them in the past had, now has, or might in the future have against the Released Parties or any of them on the basis of, connected with, or in any way arising out of any allegation that any past, present, or future Sales in the United States of permanent digital downloads or ringtones of sound recordings owned by Arista (including its unincorporated divisions and business units) or its subsidiaries involves a lease or license of such sound recordings for purposes of calculating royalties or other payments to any Class Member, or that Arista otherwise should calculate royalties on Sales in the United States of permanent digital downloads

5

or ringtones of recordings attributable to Class Contracts under royalty provisions other than those that it currently applies to such Sales; provided, however, that the definition of Released Plaintiff Claims shall not in any way impair or restrict the rights to enforce the terms of the Settlement. Except as expressly provided in paragraph 16(b) of the Stipulation, nothing herein shall be deemed to terminate, modify or cancel any provision of any Class Contract, each of which shall otherwise continue in full force and effect in accordance with its terms. The release of the "Released Plaintiff Claims" pursuant to this Settlement is without prejudice to any other rights or audit rights not involving those claims.

9. Defendant and each of the other Released Parties on behalf of themselves, their heirs, executors, administrators, attorneys, successors and assigns, and any persons they represent, hereby fully, finally and forever release, relinquish, and discharge the Plaintiff, any of the other Class Members, or their attorneys with respect to each and every Released Defendant Claim and shall forever be enjoined from prosecuting the Plaintiff, any of the other Class Members, or their attorneys with respect to each and every Released Defendant Claim.

(a) "Released Defendant Claims" means any and all actions, suits, claims, demands, rights, liabilities and causes of action, of every nature and description whatsoever, whether individual, class, representative, legal, equitable, or any other type or in any other capacity, or concealed or hidden, that were asserted or that could have been asserted (including without limitation claims for negligence, gross negligence, breach of contract, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or federal common law, statutes, rules, or regulations), including both known claims and Unknown Claims, that the Defendant or any of the other Released Parties in the past had, now has, or might in the future have against the Plaintiff, any of the other Class Members, or their attorneys, arising

from the institution, prosecution, or settlement of the Action as well as all claims arising out of the allegations in *Arista Music v. Levinger et al.* (N.D.Ca Case # C 10-03744 WHA);[1] provided, however, that the definition of Released Defendant Claims shall not in any way impair or restrict anyone's rights to enforce the terms of the Settlement.

10.     Notwithstanding the provisions of ¶¶ 8 and 9 of this Order and Final Judgment, (i) in the event that any of the Released Parties asserts against Plaintiff, any other Class Member or Class Counsel, any claim that is a Released Defendant Claim, then Plaintiff, such Class Member or Class Counsel shall be entitled to use and assert such factual matters included within the Released Plaintiff Claims against such Released Party only in defense of such claim but not for the purposes of affirmatively asserting any claim against any Released Party; and (ii) in the event that Plaintiff, any other Class Member or Class Counsel asserts against any Released Parties any Released Plaintiff Claims, such Released Parties or their respective counsel shall be entitled to use and assert such factual matters included within the Released Defendant Claims against such claimant only in defense of such claim but not for the purposes of affirmatively asserting any claim against any such claimant.

11.     Neither this Order and Final Judgment, the Stipulation, including any exhibits, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

---

[1] Arista Music, formerly BMG Music, filed a complaint on August 23, 2010 and an amended complaint on October 21, 2010 against individual members of the Youngbloods and their former manager. *Arista Music v. Levinger et al.* (N.D.Ca Case # C 10-03744 WHA). The amended complaint sought a declaratory judgment of rescission of the 1995 Settlement Agreement between the Youngbloods and RCA (predecessor in interest to BMG), indemnity and related damages. On or about November 22, 2011 pursuant to a stipulation between all parties, Arista dismissed the case without prejudice.

(a)      offered or received against Defendant or any Released Party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by Defendant or any Released Party of the truth of any fact alleged by Plaintiff or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Defendant or any Released Party;

(b)      offered or received against Defendant or any Released Party as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendant or any Released Party, or against Plaintiff and the Class as evidence of any infirmity in their claims;

(c)      offered or received against Defendant or any Released Party as evidence of a presumption, concession, or admission of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Defendant or any Released Party may refer to it to effectuate the liability protection granted hereunder;

(d)      construed against Defendant or any Released Party or Plaintiff and the Class as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; or

(e)     construed as or received in evidence as an admission, concession or presumption against Plaintiff or any of the Class Members that any of their claims are without merit, or that any defenses asserted by Defendant has any merit, or that damages recoverable under the complaints and amended complaints filed in the Action would not have exceeded the Past Settlement Relief and Prospective Settlement Relief.

12.     The Plan of Allocation is approved as fair and reasonable, and Defendant's Counsel and Class Counsel are directed to administer the Stipulation in accordance with its terms and provisions.

13.     Class Counsel are hereby awarded attorneys ' fees and expenses in the amount of $924,375, which sum the Court finds to be fair and reasonable, to be paid in accordance with the terms of the Stipulation.

14.     Plaintiff The Youngbloods are hereby awarded $15,000 for Plaintiff's service as a class representative, which sum the Court finds to be fair and reasonable, to be paid in accordance with the terms of the Stipulation.

15.     In making this award of attorneys' fees and reimbursement of expenses, the Court has considered and found that:

(a)     The Settlement provides Past Settlement Relief of $2,773,125 in cash and credits and $108,750 in cash and provides Prospective Settlement Relief and numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement created by Class Counsel;

(b)     The notice to Class Members indicated that Class Counsel were moving for attorneys' fees and expenses in the amount $924,375 and no objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Class Counsel contained in the notice;

(c)     Class Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d)     The action involves complex factual and legal issues and was actively prosecuted nearly five years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e)     Had Class Counsel not achieved the Settlement there would remain a significant risk that the Class may have recovered less or nothing from the Defendant;

(f)     As of May 31, 2012, Class Counsel had devoted over 2,800 hours, with a lodestar value of over $1,400,000.00, to achieve the Settlement; and

(g)     The amount of attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases.

16.     Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

10

17.     Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

Dated:          New York, New York
                October 4 , 2012

                                        _____
                                        Honorable George B. Daniels
                                        UNITED STATES DISTRICT JUDGE

11

**EXHIBIT 1**

**List of Persons and Entities Excluded from the Class in *Youngbloods v. BMG Music*, 07-Civ. 2394 (GBD) (KNF)**

The following persons and entities have properly requested exclusion from the Class in *Youngbloods v. BMG Music, 07-Civ. 2394* (GBD) (KNF) and are not members of the Class bound by this Order and Judgment:

| Artist/Entity | Address |
|---|---|
| Barry Manilow | Barry Manilow<br>c/o Stiletto Entertainment<br>8295 South La Cienega Boulevard<br>Inglewood, CA 90301<br>Attention: Garry Kief |
| Bob Dylan | Bob Dylan<br>[REDACTED][1]<br>White Plains, New York 10601 |
| Carlos Santana<br>(Carlos Santana, individually, and on behalf of Sanco, Inc., services of The Santana Band) | Carlos Santana<br>c/o Michael Vrionis, General Manager<br>Universal Tone Management<br>121 Jordan Street<br>San Rafael, California 94901 |
| Donald Thomas Scholz (as member of Boston) | Donald Thomas Scholz<br>[REDACTED]<br>Waltham, MA 02451 |
| Ear Booker Enterprises and Alfred Yankovic p/k/a Weird Al Yankovic | Alfred Yankovic p/k/a Weird Al Yankovic<br>Imaginary Entertainment<br>14 E. Mountain Rd.<br>Katonah, NY 10536-2616 |
| Edward Mahoney p/k/a Eddie Money | Edward Mahoney p/k/a Eddie Money<br>c/o Robert A. DeLellis, CPA<br>3362 Rivermore Street<br>Camarillo, CA 93010 |
| Emilio Castillo<br>(as member of Tower Power) | Emilio Castillo<br>[REDACTED]<br>Scottsdale, Arizona 85254 |
| Ira John Stein (as past member of Ira Stein and Russel Walder a/k/a Ira Stein & Russel Walder) | Ira John Stein<br>[REDACTED]<br>Oakland, CA 94619 |

---

[1] Personal addresses and telephone numbers have been redacted to protect privacy.

| Artist/Entity | Address |
|---|---|
| Kadan Ltd. (on behalf of Dave Brubeck, The Dave Brubeck Quartet, and The Dave Brubeck Trio) | Kadan, Ltd. (o/b/o Dave Brubeck) c/o Richard S. Jeweler P.O. Box 150270 San Rafael, CA 94915-0270 |
| Larkin Arnold | Larkin Arnold [REDACTED] Beverly Hills, Ca. 90212 |
| Leon Eric Brooks (Leon Eric Brooks, individually, and on behalf of Kix Brooks and Brooks & Dunn) | Leon E. Brooks [REDACTED] Nashville, TN 37203 |
| Michael David Manring and Manthing Music | Michael David Manring and Manthing Music [REDACTED] Oakland, CA 94619 Michael David Manring and Manthing Music [REDACTED] Oakland, CA 94602 |
| Michael Hedges, Taproot LLC(Estate of Michael Hedges and its successor Taproot LLC) | Hilleary Burgess, AdministratorEstate of Michael Hedges[REDACTED]Mendocino, CA 95460 |
| Paul Ahern, Ahern Associates (Boston) | Ahern Associates c/o Barbara Sherry Financial Services 15360 China Rapids Drive Red Bluff, CA 96080-9633 |
| Philippe Saisse (as one of original Windham Hill Artists) | Philippe Saisse Bandar-Log Music Corp. 3757 Calle Joaquin Calabasas, CA 91302 |

| Artist/Entity | Address |
|---|---|
| REO Speedwagon, REO Speedwagon, Inc. | REO Speedwagon, Inc. c/o Richard Busch, Esq. King & Ballow Law Offices 315 Union Street, Suite 1100 Nashville, TN 37201 <br><br> Gary D. Richrath [REDACTED] Newbury Park, CA 91320 <br><br> Alan Gratzer [REDACTED] Auburn, CA 95603 |
| Ronnie Dunn (Ronnie Dunn, individually, and on behalf of Brooks & Dunn) | Ronnie Gene Dunn c/o Vector Management 1607 17th Avenue South Nashville, TN 37212 |
| Sammy Hagar (F.W.O. Inc.) | Sammy Hagar [REDACTED] Novato, CA 94948 |
| Sanco, Inc. services of The Santana Band | |
| Sister Ray Enterprises, Inc., Eric Kronfeld (Lou Reed) | Sister Ray Enterprises, Inc. c/o J.H. Cohn LLP 1212 Avenue of the Americas, 7th Floor New York, New York 10036 Attention: David Gotterer <br><br> Eric Kronfeld [REDACTED] New York, New York 10065-5939 |
| Estate of Stephen C. Popovich; The Cleveland Entertainment Company, Inc.; Popovich Ltd., Inc. | Steven Popovich [REDACTED] Murfreesboro, Tennessee 37130 |
| The Bangles (Mindbangle, Inc.) | Howard Grossman 10990 Wilshire Blvd., 8th Floor Los Angeles, CA 90024 |
| Timothy G. Story (on behalf of Tim Story, Tim Story Co., Inc., Tim Story Inc., and the Story Company) | Tim Story Tim Story Co., Inc.P.O. Box 4156371 Fallen Timbers Ln.Maumee, OH 43537 |

| Artist/Entity | Address |
|---|---|
| Toto Corporation a/k/a Toto, Incorporated | Toto Corporation a/k/a Toto, Incorporated<br>16830 Ventura Blvd. Suite 501<br>Encino, CA 91436 |
| Turtle Island String Quartet a/k/a Turtle Island Quartet | Turtle Island Quartet<br>[REDACTED]<br>Novato, CA 94947 |
| Vandross Music LLC as successor-in-interest to Luther Vandross, Vandross Limited and the Estate of Luther Vandross | Vandross Music LLC<br>c/o Flood Bumstead McCready & McCarthy, Inc.<br>16 West 22nd Street, 2nd Floor<br>New York, NY 10010<br>Attention: Carmen Romano |
| William Scaggs p/k/a Boz Scaggs | William Scaggs p/k/a Boz Scaggs<br>c/o Richard Busch, Esq.<br>King & Ballow Law Offices<br>315 Union Street, Suite 1100<br>Nashville, TN 37201 |
| Windstar (John Denver) | Howard Grossman<br>10990 Wilshire Blvd., 8th Floor<br>Los Angeles, CA 90024 |
| Woolfsongs Limited (The Alan Parsons Project) | Woolfsongs Ltd.<br>c/o Robert S. Meitus<br>Little Manor<br>Milespit Hill<br>London NW 7 2RS<br>England |
| Alan Jackson a/k/a Alan Eugene Jackson | Alan Eugene Jackson<br>c/o Greenberg Traurig, LLP<br>Terminus 200<br>3333 Piedmont Road, Suite 2500<br>Atlanta, GA 30305 |
| Brad Douglas Paisley (Brad Paisley, individually, and on behalf of Brad Paisley as successor-in-interest to EMI Nashville Productions) | Brad Douglas Paisley<br>c/o Greenberg Traurig, LLP<br>Terminus 200<br>3333 Piedmont Road, Suite 2500<br>Atlanta, GA 30305 |
| Celine Dion - Les Productions Feeling Inc. | Celine Dion<br>Les Productions Feeling, Inc.<br>2540 Daniel-Johnson, #755<br>Laval, QC, Canada H7T253 |

| Artist/Entity | Address |
|---|---|
| Anthony Joseph Perry a/k/a Joe Perry(Joe Perry, individually, and as member of Aerosmith) | A. Joseph Perryc/o Greenberg Traurig, LLP3333 Piedmont Road, Suite 2500Atlanta, GA 30305 |
| Estate of Whitney Houston (as successor in interest to Whitney Houston) | Estate of Whitney Houston (as successor in interest to Whitney Houston) c/o Gelfand, Rennert & Feldman, LLP 360 Hamilton Avenue, Suite 100 White Plains, NY 10601 Attention: Ronald E. Nash |
| Walter Afanasieff | Walter Afanasieff c/o US Trust Corp 336 Bon Air Center, #418 Greenbrae, CA 94904 |
| Richard A. Arons (as an assignee of Michael Jackson and/or The Jacksons) | Richard A. Arons [REDACTED] Las Vegas, Nevada 89119 |
| Terry Jacks (Terry Jacks, individually, and on behalf of Popy Family Productions and Gone Fishin' Music Ltd.) | Terry Jacks, Poppy Family Productions, and Gone Fishin' Music Ltd. c/o Rob Gordon 2401 Broadway Boulder, CO 80304 |
| Carly Simon | Carly Simon c/o Larry Ciancia 5419 Evergreen Heights Drive Evergreen, CO 80439 |
| Barbara Frances Higbie, individually and as a recording artist for Sony/Windham Hill and as owner of Slow Baby Music BMI; The Montreaux Band | Barbara Frances Higbie [REDACTED] Albany, CA 94706 |
| Bruce Hornsby | Bruce Hornsby [REDACTED] Williamsburg, VA 23185 |
| Roy Thomas Baker (Roy Thomas Baker, individually, and on behalf of RTB Audio Visual Productions, USA the successor-in-interest to RTB Audio Visual Productions, Inc. and RTB Visual Productions, Ltd.) | Roy Thomas Baker [REDACTED] West Hollywood, CA 90069 |

| Artist/Entity | Address |
|---|---|
| Liz Story<br>(as a former artist with Windham Hill Records) | Liz Story<br>[REDACTED]<br>Prescott, AZ 86301-2601 |
| Gino & Joe Vannelli<br>(Romantique Productions, Inc. f/s/o Gino Vannelli and Joe Vannelli) | Gino & Joe Vannelli<br>[REDACTED]<br>Agoura Hills, CA 91301 |
| Estate of Dan Fogelberg<br>(Dan Fogelberg) | Estate of Dan Fogelberg<br>Gelfand, Rennert & Feldman, LLP<br>1880 Century Park East, Suite 1600<br>Los Angeles, CA 90067 |
| Herbert Hancock a/k/a Herbie Hancock | Herbert J. Hancockc/o Gelfand, Rennert & Feldman, LLP1880 Century Park East, Suite 1600Los Angeles, CA 90067 |
| Mark Isham | Mark W. Isham<br>c/o Gelfand, Rennert & Feldman, LLP<br>1880 Century Park East, Suite 1600<br>Los Angeles, CA 90067 |
| Dolly Parton | Dolly Parton<br>c/o Gelfand, Rennert & Feldman, LLP<br>1880 Century Park East, Suite 1600<br>Los Angeles, CA 90067 |
| CAKE<br>(and its members Gregory Brown, Victor Damiani, Vincent DiFiore, John McCrea and Todd Roper) | Silent Tribunal, LLC<br>c/o David Weise and Associates, Inc.<br>16000 Ventura Boulevard<br>Suite 600<br>Encino, CA 91436 |
| Alan Eugene Jackson | Alan Eugene Jackson<br>c/o Greenberg Traurig, LLP<br>3333 Piedmont Road NE, Suite 2500<br>Atlanta, GA 30305 |
| Karla Bonoff | Karla Bonoff<br>[REDACTED]<br>Los Angeles, CA 90036 |
| John R. Cash Revocable Trust<br>(successor-in-interest to John R. Cash p/k/a Johnny Cash) | John R. Cash Revocable Trust,<br>successor-in-interest to John R. Cash<br>p/k/a Johnny Cash<br>c/o Loeb & Loeb LLP<br>1906 Acklen Avenue<br>Nashville, TN 37212 |
| Susan Satz, Estate of Benny Goodman<br>(Benny Goodman) | Susan Satz, The Estate of Benny Goodman<br>[REDACTED]<br>Morristown, NJ 07963 |

6

| Artist/Entity | Address |
|---|---|
| John H. Mills, II<br>(Mills Brothers) | John H. Mills, II<br>c/o H/B Webman & Co.<br>1650 Broadway, Suite 701<br>New York, New York 10019-6833 |
| Dwight Yoakam | Barry W. Tyerman, Esq.<br>Jackoway Tyerman Wertheimer Austen<br>Mandelbaum Morris & Klein<br>1925 Century Park East, 22nd Floor<br>Los Angeles, CA 90067 |
| Airto Moreira/Airflow Productions | Albert H. Evers<br>401 Grand Avenue Suite 300<br>Oakland, CA 94610 |
| Bruce Springsteen | Bruce Springsteen<br>c/o Chapman, Bird, Grey & Tessler, Inc.<br>1990 South Bundy Drive<br>Suite 200<br>Los Angeles, California 90025 |
| Frank M. Sullivan, James Peterik,<br>David Bickler (as members of<br>Survivor) | |
| Julio Iglesias<br>(Julio Iglesias, individually, and on<br>behalf of Jungle Aire Ltd. CV and<br>Starry Night Enterprises) | Julio Inglesias<br>[REDACTED]<br>Surfside, FL 33154 |
| Mariah Carey | Mariah Carey<br>c/o Gelfand, Rennert & Feldman, LLP<br>360 Hamilton Avenue, Suite 100<br>White Plains, NY 10601<br>Attention: Ronald E. Nash |
| Nightnoise<br>(and its members Michael<br>O'Domhnaill, Triona Ni Domhnaill,<br>Johnny Cunningham and Brian<br>Dunning) | Albert H. Evers<br>401 Grand Avenue Suite 300<br>Oakland CA 94610 |
| OffSpring | Harold Papineau<br>King, Holmes, Paterno & Berliner, LLP<br>1900 Avenue Of The Stars, 25th Floor<br>Los Angeles, CA 90067 |
| Peter White | Albert H. Evers<br>401 Grand Avenue Suite 300<br>Oakland CA 94610 |

| Artist/Entity | Address |
|---|---|
| Premier Music | Jay L. Berger as authorized representative of Premier Music<br>c/o Artists Rights Enforcement Corp.<br>1430 Broadway, Suite 505<br>New York, NY 10018 |
| Roderick David Stewart p/k/a Rod Stewart | Mr. Roderick David Stewart<br>p/k/a Mr. Rod Stewart<br>c/o Jackoway Tyerman Wertheimer Austen Mandelbaum Morris & Klein<br>1925 Century Park East, 22nd Floor<br>Los Angeles, CA 90067 |
| Roswell Records, Inc.<br>(The Foo Fighters) | Harold Papineau<br>King, Holmes, Paterno & Berliner, LLP<br>1900 Avenue Of The Stars, 25th Floor<br>Los Angeles, CA 90067 |
| Shirelles | Jay L. Berger<br>c/o Artists Rights Enforcement Corp.<br>1430 Broadway, Suite 505<br>New York, NY 10018 |
| William Ackerman | William Ackerman<br>[REDACTED]<br>Bar Mills, ME 04004 |
| Beyonce Knowles-Carter | Beyonce Knowles-Carterc/o Parkwood Pictures Entertainment LLC1412 BroadwayNew York, NY 10018Send copy to:David A. KochmanReed Smith LLP599 Lexington AvenueNew York, NY 10022 |

8

| Artist/Entity | Address |
|---|---|
| EMI Recorded Music companies, including without limitation: Capitol Records, LLC; EMI (Hong Kong) Ltd.; EMI (Malaysia Sdn Bhd; EMI (Singapore) Pte Ltd.; EMI Christian Music Group Inc.; EMI Czech Republic s.r.o.; EMI Discos Mexico, SA de CV; EMI Group Canada Inc.; EMI Kent Elektronik San Ve TIC AS; EMI Music Arabia FZE; EMI Music Australia Pty Ltd.; EMI Music Austria GesmbH; EMI Music Belgium BVBA; EMI Music Brasil Ltda.; EMI Music Colombia SA; EMI Music de Uruguay SA; EMI Music de Venezuela CA; EMI Music Denmark A/S; EMI Music Egypt Ltd.; EMI Music France SAS; EMI Music Germany GmbH & Co KG; EMI Music Hong Kong Ltd.; EMI Music Italy Srl; EMI Music Japan Inc.; EMI Music Mexico SA de CV; EMI Music Netherlands BV; EMI Music New Zealand; EMI Music Norway AS; EMI Music Poland s.p.z.o.o.; | EMI Music North America c/o Melissa Battino 150 Fifth Avenue New York, NY 10011 |

| Artist/Entity | Address |
|---|---|
| EMI Music Portugal Lda;EMI Music Services Pty Ltd.;EMI Music South Africa (Pty) Ltd.; EMI Music Spain SL;EMI Music Sweden AB;EMI Music Switzerland AG;EMI Odeon Chilena SA;EMI Odeon S.A.I.C.;EMI Recorded Music GmbH;EMI Records (Ireland) Ltd.;EMI Records Ltd.;EMI Zenei KFT;Minos EMI SA;Oy EMI Finland Ab;Oy EMI Group Finland AB;Priority Records, LLC;The CCP Record Company (Pty) Ltd.;Virgin Music Group (Australia) Pty Ltd.;Virgin Records (India) Pvt Ltd.;Virgin Records Ltd.;Virgin Records Australia Pty ltd. | |
| Maurice Williams and the Zodiacs | Jay L. Berger as authorized representative of Mr. Williams c/o Artists Rights Enforcement Corp. 1430 Broadway, Suite 505 New York, NY 10018 |
| Estate of Wilbert Harrison (Wilbert Harrison) | Jay L. Berger as authorized representative of the Estate of Wilbert Harrison c/o Artists Rights Enforcement Corp. 1430 Broadway, Suite 505 New York, NY 10018 |
| Sweathog | Jay L. Berger as authorized representative of the members of Sweathog c/o Artists Rights Enforcement Corp. 1430 Broadway, Suite 505 New York, NY 10018 |
| Superappin Music | Jay L. Berger as authorized representative of Superappin Music c/o Artists Rights Enforcement Corp. 1430 Broadway, Suite 505 New York, NY 10018 |
| The Silhouettes | Jay L. Berger as authorized representative of the members of The Silhouettes c/o Artists Rights Enforcement Corp. 1430 Broadway, Suite 505 New York, NY 10018 |

| Artist/Entity | Address |
|---|---|
| Estate of Roy Hamilton (Roy Hamilton) | Jay L. Berger as authorized representative of the Estate of Roy Hamilton c/o Artists Rights Enforcement Corp. 1430 Broadway, Suite 505 New York, NY 10018 |
| The Platters | Jay L. Berger as authorized representative of the members of The Plattersc/o Artists Rights Enforcement Corp.1430 Broadway, Suite 505New York, NY 10018 |
| Norman Conners | Jay L. Berger as authorized representative of Mr. Conners c/o Artists Rights Enforcement Corp. 1430 Broadway, Suite 505 New York, NY 10018 |
| Estate of Nina Simone (Nina Simone) | Jay L. Berger as authorized representative of the Estate of Nina Simone c/o Artists Rights Enforcement Corp. 1430 Broadway, Suite 505 New York, NY 10018 |
| Lloyd Price | Jay L. Berger as authorized representative of Lloyd Price c/o Artists Rights Enforcement Corp. 1430 Broadway, Suite 505 New York, NY 10018 |
| Estate of Little Eva (Eva Boyd) | Jay L. Berger as authorized representative of the Estate of Little Eva c/o Artists Rights Enforcement Corp. 1430 Broadway, Suite 505 New York, NY 10018 |
| Havenots Music | Jay L. Berger as authorized representative of Havenots Music c/o Artists Rights Enforcement Corp. 1430 Broadway, Suite 505 New York, NY 10018 |
| GQ/Keith Crier | Jay L. Berger as authorized representative of Mr. Crier c/o Artists Rights Enforcement Corp. 1430 Broadway, Suite 505 New York, NY 10018 |
| Lincoln "Chips" Moman | Jay L. Berger as authorized representative of Mr. Moman c/o Artists Rights Enforcement Corp. 1430 Broadway, Suite 505 New York, NY 10018 |

11

| Artist/Entity | Address |
|---|---|
| Blue Notes (Estates of Bernie Wilson, Larry Brown and Lloyd Parks) | Jay L. Berger as authorized representative of the Estate of Bernie Wilson, the Estate of Larry Brown and Lloyd Parks c/o Artists Rights Enforcement Corp. 1430 Broadway, Suite 505 New York, NY 10018 |
| Billy Paul | Jay L. Berger as authorized representative of Mr. Paul c/o Artists Rights Enforcement Corp. 1430 Broadway, Suite 505 New York, NY 10018 |
| 5th Dimension (and its members Marilyn McCoo, Billy Davis Jr., Lamont McLemore, Florence LaRue, and Estate of Ronald Townson) | Jay L. Berger as authorized representative of the members of the 5th Dimensionc/o Artists Rights Enforcement Corp.1430 Broadway, Suite 505New York, NY 10018 |
| Skinny Chick Inc. | Skinny Chick Inc. c/o Jackoway Tyerman Wertheimer Austen Mandelbaum Morris & Klein 1925 Century Park East, 22nd Floor Los Angeles, CA 90067 |
| Aerodisc Partnership (Aerodisc Partnership f/s/o Aerosmith) | Aerodisc Partnership c/o Greenberg Traurig, LLP 3333 Piedmont Road, Suite 2500 Atlanta, GA 30305 Attn: Jeffrey Smith |
| Amberson Holdings LLC/The Estate of Leonard Bernstein | The Leonard Bernstein Office, Inc. 121 West 27th Street, Suite 1104 New York, NY 10001 Attn: Michael Sbabo |

**EXHIBIT 2**

**List of Persons and Entities Whose Requests for Exclusion from the Class in**
***Youngbloods v. BMG Music*, 07-Civ. 2394 (GBD) (KNF) Are Rejected**

The requests for exclusion from the Class in *Youngbloods v. BMG Music*, 07-Civ. 2394 (GBD) (KNF) received from the following persons and entities are rejected:

| Artist/Entity | Address |
|---|---|
| Redbone/Lawrence Steven Rillera | Jay L. Berger as authorized representative of Mr. Rillera c/o Artists Rights Enforcement Corp. 1430 Broadway, Suite 505 New York, NY 10018 |
| Joy Horner Greenberg, on behalf of artist Chuck Greenberg/Shadowfax | [REDACTED][1] Camarillo, CA 93010 |
| Robert Duskis | [REDACTED] San Francisco, CA 94131 |
| Malcolm Daglish | [REDACTED] Bloomington, IN 47401 |
| Gianfranco Chicchele | [REDACTED] Padova, Italy |
| Sarah Vaughan | Paris Courtnall 398 Stafford Rd. Westlake Village, CA 91361 |
| Billy Sherrill | Catherine Sherrill Lale [REDACTED] Nashville, TN 37215 |

---

[1] Personal addresses and telephone numbers have been redacted to protect privacy.